**Michael J. CHOMOS, Appellant**

v.

**Warden T.R. SNIEZEK.**

No. 09–2633.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6(a) Aug. 27, 2009.

Opinion filed: Sept. 23, 2009.

---

Michael J. Chomos, Schuylkill FPC, Minersville, PA, for Appellant.

Kate L. Mershimer, Esq., Office of United States Attorney, Harrisburg, PA, for Appellee.

Before: McKEE, FISHER and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Appellant Michael Chomos, a pro se prisoner, appeals from the District Court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, we will summarily affirm. *See* I.O.P. 10.6.

I.

In February 2008, Chomos was named in a four count indictment in the United States District Court for the Northern District of Ohio. In July 2008, after pleading guilty to count four of the indictment, Chomos was sentenced to a term of twenty-four months of imprisonment, followed by a twenty-four months of supervised re-

lease. In March 2009, Chomos filed a "motion for early release" in the District Court in which he was sentenced.

While that motion was still pending, in April 2009, Chomos filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania— the District of his confinement.[1] After reviewing the motion, in which Chomos argued primarily that his due process rights had been violated when he entered his guilty plea, the District Court dismissed Chomos' habeas petition for lack of jurisdiction.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. *See Cradle v. United States ex rel. Miner,* 290 F.3d 536, 538 (3d Cir.2002). Upon review, we agree with the District Court that Chomos may raise his claims only in a motion pursuant to 28 U.S.C. § 2255.

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought in the district of sentencing pursuant to 28 U.S.C. § 2255. *See Davis v. United States,* 417 U.S. 333, 343–44, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). Further, constitutional claims may not be raised in a § 2241 petition except in unusual situations, where the remedy by motion under § 2255 would be inadequate or ineffective. *See In re Dorsainvil,* 119 F.3d 245, 251–52 (3d Cir.1997). We agree with the District Court that Chomos has not demonstrated that a § 2255 motion pro-

---

1. Chomos is presently confined at FPC– Schuylkill.

vides inadequate or ineffective means to raise his constitutional claims. *Id.*

As Chomos' appeal presents no substantial question, we will summarily affirm. *See* Third Cir. LAR 27.4; I.O.P. 10.6. Chomos' "Motion for Rule 23(b)(3) Release Pending Review of Decision" is also denied.

